IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Vehicle Operation Technologies LLC,<br><br>Plaintiff,<br><br>v.<br><br>Ford Motor Company,<br><br>Defendant. | Civil Action No. 13-539-RGA |
| Vehicle Operation Technologies LLC,<br><br>Plaintiff,<br><br>v.<br><br>Mitsubishi Motors North America Inc.,<br><br>Defendant. | Civil Action No. 13-712-RGA |

MEMORANDUM OPINION

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Bayard, P.A., Wilmington, DE; Eric W. Buether, Esq. (argued), Christopher M. Joe, Esq., Brian A. Carpenter, Esq., Buether Joe & Carpenter, LLC, Dallas TX, counsel for Plaintiff Vehicle Operation Technologies LLC.

Benjamin J. Schladweiler, Esq., Ross, Aronstam & Moritz LLP, Wilmington, DE; Eric A. Buresh, Esq., Jason R. Mudd, Esq. (argued), Ajay A. Sharma, Esq., Erise IP, P.A., Overland Park, KS, counsel for Defendant Ford Motor Company.

Sean T. O'Kelly, Esq., O'Kelly Ernst & Bielli, Wilmington, DE; Charles Gorenstein, Esq., Michael T. Smith, Esq., Ali M. Imam, Esq., Birch Stewart Kolasch & Birch LLP, Falls Church, VA, counsel for Defendant Mitsubishi North America.

July __, 2015

ANDREWS, U.S. DISTRICT JUDGE:

Presently before the Court is Defendants' Motion to Declare These Cases Exceptional Pursuant to 35 U.S.C. § 285. (D.I. 67).[1] The matter has been fully briefed. (D.I. 68, 72, 80). The Court heard oral argument on June 19, 2015. (D.I. 83 [hereinafter, "Tr."]).

## BACKGROUND

On April 5, 2013, Plaintiff Vehicle Operation Technologies brought six separate actions against Honda, BMW, Ford, General Motors, Nissan, and Porsche alleging infringement of U.S. Patent No. 7,145,442 ("the '442 patent"). Plaintiff filed an additional suit against Mitsubishi on April 23, 2013. On September 30, 2013, Mitsubishi, Porsche, BMW, Ford, Nissan, and General Motors filed motions for Rule 11 sanctions. (D.I. 21). On January 24, 2014, the Court ordered early claim construction in order to focus expert discovery and summary judgment motion practice. (D.I. 33).

On July 1, 2014, the Court held a *Markman* hearing and oral argument on the Rule 11 motions. (D.I. 52, 53). The '442 patent is directed to a vehicle operation display system. The issue at the *Markman* hearing was whether the display must be dedicated. At the *Markman* hearing, Defendants argued that the applicants disclaimed non-dedicated displays. (D.I. 52). Plaintiff argued that the applicants made no prosecution disclaimer. (*Id.*). I agreed with Defendants, holding that "the inventor repeatedly and unambiguously disclaimed the plain reading of the term display." (D.I. 53 at 8).

On September 12, 2014, I dismissed the case as a sanction for Plaintiff's Rule 11(b)(2) violation. (D.I. 62) I found that Plaintiff failed to conduct an objectively reasonable pre-suit investigation. (D.I. 63 at p. 20). I did not grant monetary sanctions at that time due to a

---

[1] All citations to the docket are to C.A. 13-539.

1

procedural defect. (*Id.* at p. 24). All Defendants other than Ford and Mitsubishi subsequently stipulated to dismissal.

## LEGAL STANDARD

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court recently defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). When determining whether a party is a prevailing party, the Federal Circuit has followed the Supreme Court's definition of a prevailing party as used in other fee-shifting statutes. *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004). In *Inland Steel*, the Federal Circuit held that district courts are to "apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Id.* (quotation marks omitted, ellipses in original).

The Federal Circuit's definition of a prevailing party derives from a series of Supreme Court decisions. The term "prevailing party" is "a legal term of art." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). The Supreme Court defined a prevailing party, for the purpose of attorney's fees shifting, to be a party which "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (defining a prevailing party in the context of a 42 U.S.C. § 1988 attorney fee-shifting claim). The Supreme

2

Court later held that, while it is "settled law . . . that relief need not be judicially decreed in order to justify a fee award," there must be at least the "settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (italics omitted). The Supreme Court then further refined its previous rulings by holding that the relief must actually affect the parties' behavior. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Furthermore, the Court emphasized that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Id.* (brackets omitted); *see also Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012). Independent of what relief is received, it "must directly benefit [the party] at the time of the judgment or the settlement." *Id.* Even "nominal damages suffices under this test." *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 604 (citing *Farrar*). Finally, the Supreme Court has made clear that:

> We have only awarded attorney's fees where the plaintiff has received a judgment on the merits or obtained a court-ordered consent decree — we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by judicial relief. Never have we awarded attorney's fees for a nonjudicial alteration of actual circumstances.

*Buckhannon*, 532 U.S. 598, 605-06 (2001). In sum, precedent from both the Supreme Court and the Federal Circuit make clear that for a party to be a prevailing party, that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment.

## ANALYSIS

There is no dispute that Defendants were the prevailing parties. The sole issue is therefore whether this case is exceptional. Defendants argue that the question is answered by my Rule 11 decision. (D.I. 68 at 12). I previously held, "while dismissal of a lawsuit with

3

prejudice is the harshest sanction available to the Court, it is warranted here." (D.I. 61 at p. 22). Defendants note that while Rule 11 sanctions do not require finding that a case is exceptional, courts have repeatedly held that sanctionable conduct makes a case exceptional. (Tr. 8).

The Supreme Court gave several factors to consider in deciding whether a case is exceptional, including frivolousness, objective unreasonableness, and the need for deterrence. *Octane Fitness*, 134 S. Ct. at 1756 n.6. Defendants argue that I have already held that Plaintiff's claim construction arguments were frivolous and objectively unreasonable. (D.I. 68 at 10 (quoting D.I. 61 at p. 17)). Defendants further argue that awarding fees will serve a deterrence function. (Tr. 14). Though Plaintiff has filed only the seven patent infringement lawsuits in this District, Defendants maintain that its principals have nationwide filed over 500 lawsuits through various entities. (*Id.* at 16).

Plaintiff argues that, considering the totality of the circumstances, the case should not be considered exceptional. (D.I. 72 at p. 8). Plaintiff maintains that it litigated the case as a whole in a reasonable manner. (*Id.* at p. 7). Plaintiff argues, "Aside from the rejection of VOT's claim construction arguments, Defendants do not point to any unreasonable conduct or delay in which VOT or its counsel engaged." (*Id.* at p. 8).

With respect to its claim construction position, Plaintiff argues that a subsequent ruling by the Patent Trial and Appeal Board ("PTAB") "contrary to the Court's construction of the term 'display'" counsels against awarding fees. (*Id.* at p. 9). Plaintiff maintains that the PTAB found a "significantly different and narrower" disclaimer than I found. (*Id.* at p. 10). In light of the PTAB's decision, Plaintiff argues that its claim construction position before me was not unreasonable. (*Id.* at p. 11).

4

Plaintiff further argues that it would be inequitable and improper to assess fees against a represented party where the Rule 11 violation was premised on a legal argument. (*Id.* at p. 3). Plaintiff contends that doing so would undermine Rule 11(c)(5)(A), which provides that fees should not be assessed against a represented party for a violation of Rule 11(b)(2). (Tr. 43). Plaintiff argues that it should not be penalized for relying on advice of counsel which turned out to be wrong. (D.I. 72 at p. 5).

I find that this case is exceptional pursuant to § 285. I do not agree that Plaintiff acted reasonably in everything other than its claim construction position. I previously ruled that any objectively reasonable pre-suit investigation would reveal that the entire action was meritless. (D.I. 61 at p. 20). Plaintiff therefore cannot be said to have acted reasonably, because the entire litigation was unreasonable. Plaintiff also mischaracterizes my ruling on claim construction. I did not simply "reject[]" Plaintiff's construction; I found that it was frivolous and objectively unreasonable.

Plaintiff also mischaracterizes the PTAB's construction. Though slightly different from mine, it is certainly not "contrary" to my construction. I construed "display" to mean "a dedicated display in which the claimed information is present at all times." (D.I. 53 at 12). The PTAB construed it to mean "a dedicated display, i.e., a display that is not selectable by a driver and does not use a filtering process to determine what is to be presented." (D.I. 73-9 at p. 19). These do not strike me as very far apart. The information is present on the display at all times because a driver cannot select what to display and the information isn't filtered.

Plaintiff argued, "The PTAB rejected Defendants' argument that the inventor disclaimed coverage of all non-dedicated displays." (Tr. 28). In fact, the PTAB found that "the applicant's statements to the Examiner during prosecution clearly and unambiguously disclaimed

5

non-dedicated displays . . . ." (D.I. 73-9 at p. 19). Plaintiff's claim construction position before me was "there is no disclaimer." (D.I. 52 at 20). The PTAB's construction does not make that position any less unreasonable.

I do not agree with Plaintiff that it is improper to declare a case exceptional and award fees against a represented party where the exceptional conduct is based on a legal argument. Plaintiff was unable to cite any cases supporting its proposition. One of the factors to consider in deciding whether a case is exceptional is "objective unreasonableness (both in the factual and legal components of the case)." *Octane Fitness*, 134 S. Ct. at 1756 n.6. An objectively unreasonable legal argument is therefore an appropriate consideration in declaring a case exceptional, even if the party is represented. "The filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285 and awarding costs, attorney fees, and expenses to the accused infringer." *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990).

## CONCLUSION

For the reasons set forth herein, I find these cases exceptional pursuant to 35 U.S.C. § 285. Defendants will submit proposed fees as ordered at oral argument. An appropriate order will be entered.

6